Tony W. Wong (CA State Bar No. 243324)
A. Justin Lum, *Of Counsel* (CA State Bar No. 164882)
Peter K. Chu (CA State Bar No. 251705)
D&R I.P. LAW FIRM, APLC
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
Email:  tonyw@dnriplaw.com
         justinl@dnriplaw.com
         peterc@dnriplaw.com

Attorneys for Plaintiff
PACIFIC RIM INTERNATIONAL WEST INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PACIFIC RIM INTERNATIONAL WEST INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOOM INTERNATIONAL HOLDINGS (USA) INC., a California corporation; JIANGSU BAODIAO LOCOMOTIVE CO., LTD., a China Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:16-cv-1551<br><br>**(1) COMPLAINT FOR PATENT INFRINGEMENT [35 U.S.C. § 271 *et seq.*]**<br><br>**(2) DEMAND FOR JURY TRIAL** |

COMPLAINT
-1-

For its Complaint against Defendants BOOM INTERNATIONAL HOLDINGS (USA) INC., JIANGSU BAODIAO LOCOMOTIVE CO., LTD., and DOES 1 through 20, inclusive (collectively, "Defendants"), Plaintiff PACIFIC RIM INTERNATIONAL WEST INC. ("Plaintiff") states the following:

## I.

## THE PARTIES

1. Plaintiff PACIFIC RIM INTERNATIONAL WEST INC. is a California corporation with its principal place of business at 10580 Mulberry Ave., Fontana, CA 92337.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant BOOM INTERNATIONAL HOLDINGS (USA) INC. ("Boom") is a California corporation with a principal place of business at 3931 Carter St., Ste. 409, Riverside, CA 92501.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant JIANGSU BAODIAO LOCOMOTIVE CO., LTD. ("JBL") is a China company with a principal place of business at 5# Houshan Rd(S) Chaqiao, Anzhen Town, Wuxi City, Jiangsu Province, 214104.

4. Plaintiff have sued defendants DOES 1 through 20, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the Doe defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as Doe

defendants was and is responsible in some actionable manner for the events and incidents described in this complaint. Plaintiff will seek leave of court to amend this pleading when the true names, identities and capacities of said Doe defendants have been ascertained by Plaintiff.

5. All allegations in this complaint referencing Defendants shall be deemed to mean acts of defendants acting individually, jointly, severally, or any combination of them.

6. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.

7. Upon information and belief, Defendants have substantial contacts and transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## II.

## NATURE OF THE ACTION

8. This is an action for patent infringement.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendants have been and are infringing, contributing to the infringement of, and/or actively inducing others to infringe claims of U.S. Patent No. 9,327,802 ("the Asserted Patent").

//

## III.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants because they have substantial contacts and conduct substantial business in the state of California, in this judicial district and have been infringing, contributing to the infringement of, and/or actively inducing others to infringe the Asserted Patent in this District and elsewhere.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (a) (b) and (c) and /or 1400 (b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central District of California and because Defendants are subject to personal jurisdiction in the Central District of California.

## IV.

## FACTUAL BACKGROUND

13. The Asserted Patent relates to technology used in frames and frame arrangements for motorcycles. Based on the patented technology, Plaintiff has designed, and developed products that it markets and sells worldwide. Plaintiff has relied on and invested in the patented technology in order to grow its markets and its business, and has relied on the United States Patent system to protect both the technology and the business that have resulted from their investments.

14. On May 3, 2016, U.S. Patent No 9,327,802 titled "Extended and Lowered Frame Arrangement for Motorcycle" was issued to Liang Chang and Hua Chen, providing a motorcycle including "an extended and lower frame arrangement, a front wheel coupled to the extended and lower frame arrangement via a front wheel extension member to frontwardly extend a distance between the extended and lower frame arrangement and the front wheel, a rear wheel coupled to the extended and lower frame arrangement via a widen hub assembly to rearwardly extend a distance between the extended and lower frame arrangement via a widen hub assembly to rearwardly extend a distance between the extended and lower frame arrangement and the rear wheel, such that the front wheel and the rear wheel are shifted far from the extended and lower frame arrangement to lengthen a distance between the front wheel and the rear wheel so as to further lower a center of gravity of the motorcycle." A true and correct copy of the '802 Patent is attached as Exhibit "A" and incorporated herein by reference.

15. At all relevant times, the rights in the Asserted Patent have been owned by its inventors and assigned to Plaintiff.

16. Plaintiff is informed and believes that Defendants have provided products which infringe the Asserted Patent to the market under various names, including but not limited to, the "Maddog Moskito" and "BD50-QT3" motorcycle/scooter models (collectively, "the Boom Products").

17. Attached as Exhibit "B" are true and correct copies of photographs of each of the Boom Products.

## V.

## CLAIMS FOR RELIEF

## COUNT 1

### (Infringement of U.S. Patent No. 9,327,802 B1 ('802 Patent)

### Under 35 U.S.C. § 271 *et seq.*)

18. Plaintiff incorporate by reference and reallege paragraphs 1 through 17 above as though fully restated here.

19. Plaintiff is informed and believes, and thereupon alleges, that Defendants and each of them have infringed, directly and indirectly through contributory and/or induced infringement, the '802 Patent through their production and sale of products using the technology that is proprietary to Plaintiff under the '802 Patent.

20. Plaintiff is informed and believes, and thereupon alleges, that Defendants have provided products which infringe the '802 Patent to the market under various names, including the Boom Products.

21. Plaintiff is informed and believes, and thereupon alleges, that Defendants make their infringing products available through various marketing channels, including distribution networks that conduct direct sales through stores, and Internet sales.

22. Defendants' acts of marketing products which infringe the '802 Patent directly and in connection with customers and other parties constitute direct and contributory and/or induced infringement of the '802 Patent. Defendants have not only violated the proprietary rights of Plaintiff but, upon information and belief, have

encouraged and induced others to do so, through their marketing channels and sales networks and the continued sale of products which infringe the '802 Patent through Defendants' direct and third party marketing channels.

23. Defendants are liable for infringement by designing their infringing products in a manner that infringes Plaintiff's proprietary technology under the '802 Patent and further liable for contributory and induced infringement by encouraging others to market, sell and use products which infringe the '802 Patent.

24. Defendants and each of them have infringed and continue to infringe the claims of the '802 Patent literally or under the doctrine of equivalents by making, using, offering for sale and selling (directly and through intermediaries or third parties) products which infringe the '802 Patent, in this District and elsewhere in the United States.

25. Plaintiff is informed and believes, and thereupon alleges, that Defendants and each of them have contributed and continue to contribute to the literal infringement and/or infringement under the doctrine of equivalents of the claims of the '802 Patent, and have actively induced and continue to actively induce others to infringe the claims of the '802 Patent, literally and under the doctrine of equivalents in this District and elsewhere in the United States.

26. Plaintiff is entitled to recover from Defendants and each of them the actual damages it has sustained as a direct and proximate result of Defendants' wrongful acts as alleged herein, in an amount to be proven at trial under 35 U.S.C. § 284.

27.  Plaintiff is informed and believes, and thereupon alleges, that Defendants' infringement has been and continues to be willful and deliberate, in disregard for Plaintiff's patent rights, and that Plaintiff is thereby entitled to increased damages up to three times the amount of actual damages and attorney's fees, pursuant to 35 U.S.C. §§ 284 and 285.

28.  Defendants' continued infringement of the '802 Patent will continue to damage Plaintiff in a manner that is causing irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court; therefore, Plaintiff is entitled to an injunction against Defendants' continuing infringement of the '802 Patent.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks this Court to enter judgment in its favor against Defendants and grant the following relief:

A.  An adjudication that Defendants have infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, the Asserted Patent as alleged above;

B.  An accounting of all damages sustained by Plaintiff as a result of Defendants' acts of infringement of the Asserted Patent;

C.  An award to Plaintiff of actual damages adequate to compensate Plaintiff for Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

D.  An award to Plaintiff of enhanced damages, up to and including the trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Asserted Patent.

E.  An award for Plaintiff's cost of suit and reasonable attorneys' fees pursuant to 35 U.S.C. 285 due to the exceptional nature of this case; or as otherwise permitted by law.

F.  A grant of preliminary and permanent injunction pursuant to 35 U.S.C. 283, enjoining Defendants and each of its agents, servants employees, principals, officers, attorneys, successors, assignees and all those in active concert with Defendants, including related individuals and entities, customers, representatives, OEM's, dealers and distributors, from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Asserted Patent, and;

G.  Any further relief that this Court deems just and proper.

Dated: July 14, 2016                    D&R I.P. LAW FIRM, APLC


                                            s/Tony W. Wong/
                                            TONY W. WONG

                                            Attorneys for Plaintiff
                                            PACIFIC RIM INTERNATIONAL
                                            WEST INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. FED. R. CIV. P. 38(b).

Dated: July 14, 2016

D&R I.P. LAW FIRM, APLC

 s/Tony W. Wong/
 TONY W. WONG

Attorneys for Plaintiff
PACIFIC RIM INTERNATIONAL WEST INC.

COMPLAINT
-10-